UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MICHAEL T. TORRONE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-534-CVE-FHM |
| | ) |
| 2) SAFECO INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of America ("Safeco") hereby removes the above-captioned action from the District Court of Mayes County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of this removal, Safeco states as follows:

1. On August 25, 2017, Plaintiff Michael T. Torrone, Jr. ("Plaintiff") commenced an action in the District Court of Mayes County, Oklahoma, entitled *Michael T. Torrone, Jr., Plaintiff, v. Safeco Insurance Company of America, a Washington Corporation, Defendant*, Case No. CJ-2017-153, which was served on Safeco on September 5, 2017 (the "State Court Action"). A true copy of the state court docket sheet is attached as Exhibit 1. All process, pleadings, and orders filed or served in the State Court Action are attached hereto as Exhibits 2 - 3.

2. According to the Petition, Plaintiff is a resident of Mayes County, Oklahoma. Defendant Safeco is a company organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts.

3. In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of the service of Plaintiff's Petition on Safeco on or about September 5, 2017.

4. The Northern District of Oklahoma includes the state judicial district in which Plaintiff filed his Petition.

5. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6. Safeco submits that the amount in controversy exceeds the statutory amount in controversy of $75,000. In determining whether the amount in controversy exceeds $ 75,000.00, the aggregate of Plaintiff's request for actual damages, punitive damages, and statutorily imposed attorney's fees and penalties should be considered. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003); *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988, 993 (N.D. Okla. Sept. 9, 2014). Only costs and interest are excluded from this calculation. *See* 28 U.S.C. § 1332(a). The Supreme Court has long held that "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a

removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). This Court has permitted removal where the plaintiff's stated actual damages were only $10,000 or more but the plaintiff also sought punitive damages, noting "a punitive damages award of $65,000 or more would reach the jurisdictional threshold" and "would require no more than a single-digit ratio of punitive damages to actual damages." *See Singleton*, 49 F. Supp. 3d. at 993-94.

7.  In a dispute concerning an insurance contract in Oklahoma, attorney fees shall be allowable to the prevailing party. *See* OKLA. STAT. tit. 36, § 3629; *see also Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 68, 121 P.3d 1080, 1107. Oklahoma also permits the recovery of punitive damages in actions for bad faith, misrepresentation, and fraud. *See* OKLA. STAT. tit. 23, § 23-9.1; *see Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1464 (10th Cir. 1989). At a minimum, such punitive damages for bad faith could equal $100,000.00 or an amount equal to the actual bad faith damages. *Singleton*, 49 F. Supp. 3d at 993. Further, the measure of damages for bad faith Oklahoma includes actual *and* compensatory damages for embarrassment, loss of reputation, and mental pain and suffering. *See* Oklahoma Uniform Jury Instruction No. 22.4.[1]

---

[1] Safeco disputes that Plaintiff is entitled to attorney fees, punitive damages, or to any relief whatsoever, but merely submits that for purposes of calculating the amount in controversy, Plaintiff's allegations meet the jurisdictional threshold.

8. On the face of his Petition, Plaintiff seeks damages in excess of the statutory amount in controversy for diversity jurisdiction. *See* Exhibit 2, Petition, at ¶¶ 44, 47, 51 and Plaintiff's Request for Relief. First, Plaintiff seeks actual damages in the amount of $18,339.96 ($11,498.20 + $6,841.76). *See id.* at ¶¶ 36 and Plaintiff's Request for Relief. Second, Plaintiff seeks compensatory damages for alleged bad faith, fraud, misrepresentation, and tortious interference with contract claims, including mental anguish. *See id.* at ¶¶ 44, 47, and 51. Plaintiff also seeks punitive damages for each of his tort claims. *See id.* Further, Plaintiff seeks attorney fees for his breach of contract and bad faith claims. *See id.* at ¶¶ 36 and 44. Plaintiff alleges that he seeks punitive damages in excess of $10,000.00 for each of his four tort claims; however, it is clear by a preponderance of the evidence, including Plaintiff's factual allegations in support of his intentional fraud, bad faith, and tortious interference claims along with his claims for attorney fees and punitive damages, that Plaintiff seeks damages in this action in excess of $75,000.00. *See* 28 U.S.C.S. § 1446(c)(2)(B).

9. Contemporaneous with Safeco's filing of this Notice, Safeco will serve written notice to Plaintiff's counsel of this filing, as required by 28 U.S.C. § 1446(d).

10. Safeco shall also file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Mayes County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

Respectfully submitted,

s/William W. O'Connor
William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
**NEWTON O'CONNOR TURNER & KETCHUM, PC**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 Telephone
(918) 587-0102 Facsimile
boconnor@newtonoconnor.com
mshipley@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of September, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ryan H. Olsen

**ATTORNEY FOR PLAINTIFF**

                                            s/William W. O'Connor
                                            William W. O'Connor