UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL T. TORRONE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 17-CV-0534-CVE-FHM |
| | ) |
| **SAFECO INSURANCE COMPANY** | ) |
| **OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is defendant Safeco Insurance Company of America's motion for partial dismissal (Dkt. # 9) of plaintiff Michael T. Torrone, Jr.'s complaint (Dkt. # 2-3).

### I.

The following are plaintiff's allegations in his complaint: On or about July 14, 2016, inclement weather caused plaintiff's vehicle to collide with a median on an Oklahoma interstate. Dkt. # 2-3, at 2-3. The collision rendered plaintiff's vehicle inoperable. Id. at 3. Plaintiff and defendant are parties to an insurance contract, under which defendant provided plaintiff coverage for vehicular damage. Id. After the accident, plaintiff, a cattle rancher, informed defendant of the collision and explained that, while his vehicle remained inoperable, he would needed to rent a vehicle capable of performing ranching activities. Id.

On or about July 15, 2016, plaintiff took his vehicle to a repair shop, which gave plaintiff a damages estimate of $9,119.50. Id. at 4. On or about July 26, 2016, an independent adjuster working for defendant created a damage report that estimated the total cost of repairs at $7, 642.20 ($1,477.30 less than the repair shop's estimate); the report also stated that the vehicle's damage had reached the "total loss threshold." Id. Subsequently, however, an agent for defendant contacted

plaintiff to inform him that defendant did not consider his vehicle a total loss. Id. at 5. Defendant's agent explained that "total loss threshold reached" was printed on all damage reports by default. Id.

On August 25, 2016, defendant sent plaintiff a check for $7,142.20. Id. at 6. Plaintiff declined to accept this check, however, because plaintiff believed that defendant's refusal to consider the vehicle a total loss was in violation of the parties' contract. Id. Plaintiff then incurred costs for (1) renting a vehicle suitable for conducting ranching operations, (2) towing and storing his damaged vehicle, and (3) ultimately purchasing a new vehicle in order to continue operating his ranch business. Id. In addition, because defendant did not consider plaintiff's vehicle a total loss, plaintiff was unable to exercise his rights under his IAS GAP insurance policy, which, had defendant considered his vehicle a total los, would have satisfied the difference between the salvage value of his vehicle and the amount that plaintiff still owed his lender on the vehicle. Id. at 6-7.

On November 11, 2016, plaintiff again, by letter, urged defendant to consider his vehicle a total loss. Id. But a second agent for defendant contacted plaintiff and told him that defendant was not going to change its determination and explained that the phrase "total loss threshold reached" on the initial damage report was merely an internal statement and not meant to have any legal significance. Id. at 7.

**II.**

On August 25, 2017, plaintiff filed this lawsuit in the District Court for Mayes County, State of Oklahoma. Dkt. # 2. On September 21, 2017, defendant removed this case to this Court. Id. In his complaint, plaintiff brings claims for breach of contract (count one), bad faith (count two), fraud and misrepresentation (count three), and tortious interference with contract (count four). Dkt. # 2-3,

at 8-10. Defendant moves to dismiss plaintiff's claims for fraud and misrepresentation (count three) and tortious interference with contract (count four) (Dkt. # 9).

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado, 493 F.3d at 1215; Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Under Federal Rule of Civil Procedure Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." This is a heightened pleading requirement and, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of

the alleged fraud." United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2006) (quoting Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)).

**III.**

Defendant argues that plaintiff fails to state a claim for fraud and misrepresentation (count three) and tortious interference with contract (count four). Dkt. # 9. Plaintiff responds that defendant's motion to dismiss should be denied because he has sufficiently asserted both these claims (Dkt. # 11).

**i. Fraud and Misrepresentation (Count Three)**

In count three of his complaint, plaintiff alleges,

> [I]n an attempt to deceive Plaintiff, Defendant knowingly and intentionally or recklessly misrepresented that Plaintiff's vehicle had not reached the 'total loss threshold' and/or that 'total loss threshold reached' is printed on every report by default.
>
> Defendant [sic] deceptive actions constitute fraud and/or constructive fraud . . . .

Dkt. # 2-3, at 10.

Defendant argues that plaintiff failed to (1) plead fraud with sufficient particularity under Rule 9(b), and (2) allege the basic elements of a fraud or constructive fraud claim under Oklahoma law. Dkt. # 9, at 5-11. Plaintiff responds that he has plead his claim for fraud and misrepresentation with sufficient particularity and alleged every element. Dkt. # 11, at 2.

Assuming, arguendo, that, under Rule 9(b), plaintiff has plead his claim for fraud with sufficient particularity, plaintiff's claim nevertheless fails because his complaint fails to allege every element of fraud or constructive fraud under Oklahoma law. In Oklahoma, the "elements of common law fraud are: 1) a false material misrepresentation, 2) made as a positive assertion which is either

4

known to be false, or made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his/her own detriment." Rogers v. Meiser, 68 P.3d 967, 977 (Okla. 2003). And constructive fraud is "the concealment of a material fact by one who has a duty to disclose . . . [and] [t]o be actionable, require[s] detrimental reliance by the person complaining." Howell v. Texaco, 112 P.3d 1154, 1161 (Okla. 2004). As defendant argues, plaintiff's complaint fails to allege that he relied on defendant's alleged misrepresentations that his vehicle had not reached the total loss threshold. Dkt. # 9, at 8. Indeed, plaintiff did just the opposite—he disputed defendant's determination. Plaintiff contends that declining defendant's coverage award, and renting and purchasing alternate vehicles out of pocket, constitutes reliance. Dkt. # 11, at 7. But plaintiff is incorrect; plaintiff made these choices because he disagreed with defendant's determination that his vehicle had not reached the total loss threshold, not because he took defendant's determination at face value.

Accordingly, because plaintiff fails to allege reliance, he fails to state a claim for fraud or constructive fraud and defendant's motion for partial dismissal (Dkt. # 9) is **granted** as to count three of plaintiff's complaint (Dkt. # 2).

### ii. Tortious Interference with Contract (Count Four)

In count four of his complaint, Plaintiff alleges,

> Defendant's actions constitute tortuous [sic] interference with Plaintiff's existing and contractual business relations under Oklahoma law, with respect to Plaintiff's GAP Policy . . . .
>
> Plaintiff informed defendant of such contractual relationship regarding the GAP Policy, and Defendant's interference with such contractual relationship is not justified.

Id. at 11.

Defendant argues that plaintiff fails to allege the basic elements of a claim of tortious interference under Oklahoma law. Dkt. # 9, at 11. Plaintiff contends that he has. Dkt. # 11, at 2.

In Oklahoma, "the elements of malicious interference with a contract are: (1) that the plaintiff had a business or contractual right that was interfered with, (2) that the interference was malicious and wrongful, and that such interference was neither justified, privileged not excusable, and (3) that damage was proximately sustained as the result of interference." James Energy Co. v. HCG Energy Corp., 847 P.2d 333, 340 (Okla. 1992). As defendant contends, plaintiff fails to allege facts demonstrating that defendant's alleged interference with the GAP policy was malicious and wrongful. Dkt. # 9, at 12. Plaintiff responds that his allegations are sufficient because he alleges defendant "knowingly and intentionally misrepresented" to plaintiff that his vehicle had not reached the total loss threshold in an effort to deceive plaintiff. Dkt. # 11, at 2. But plaintiff makes no factual allegation to support this conclusory allegation. Plaintiff's claim for tortious interference, therefore, fails to raise a right to relief above the speculative level.

Accordingly, plaintiff fails to state a claim for tortious interference with contract (count four) and defendant's motion for partial (Dkt. # 9) dismissal is granted as to count four of plaintiff's complaint.

**IT IS THEREFORE ORDERED** that defendant's motion for partial dismissal (Dkt. # 9) is **granted**. Plaintiff's claims for fraud and misrepresentation (count three) and tortious interference with contract (count four) are **dismissed**.

**IT IS FURTHER ORDERED** that defendant shall file its answer to the complaint no later than **January 22, 2018.**

**DATED** this 8th day of January, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE